MICHAEL S. LAWSON (SBN 048172)
City Attorney
MICHAEL G. VIGILIA (SBN 228353)
Assistant City Attorney
CITY OF HAYWARD
777 B Street, 4th Floor
Hayward, CA 94541-5007
Tel: (510) 583-4450
Fax: (510) 583-3660
Michael.lawson@hayward-ca.gov
Michael.vigilia@hayward-ca.gov

Attorneys for Defendant
CITY OF HAYWARD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JAMES GREER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF HAYWARD, BAY AREA RAPID TRANSIT DISTRICT and DOES 1-50,<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION, 28 U.S.C. §1441(a), DEMAND FOR JURY TRIAL**<br><br>**COMPLAINT FILED:** 3/23/15<br>**SERVED:** 4/22/15 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that Defendant CITY OF HAYWARD (hereinafter referred to as "Defendant CITY or CITY") hereby removes to the United States District Court for the Northern District of California, the state court action described below.

**STATE COURT ACTION**

    On March 23, 2015, an action was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled *Joseph James Greer v. City of Hayward, Bay Area Rapid Transit District and Does 1-50,* designated as case number RG15763936 and assigned for all

purposes to Hon. Dennis Hayashi.  On April 22, 2015 Defendant CITY was served with the Summons and Complaint in this matter (Exhibit A).  Pursuant to 28 U.S.C. § 1446(a), the attached documents represent all pleadings, process and orders served on the removing Defendant in the state action.

## JURISDICTION

This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. §1331, and is an action which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under 28 U.S.C. §1983, and alleges violation of right to be free from unreasonable seizure pursuant to the Fourth Amendment of the United States Constitution and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

This Court has supplemental jurisdiction over the state law wrongful death claim and survivor claims for negligence, battery and assault pursuant to 28 U.S.C. §1367(a) in that they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## OTHER PROCEDURAL REQUIREMENTS

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Defendant CITY was served with the Complaint on April, 22, 2015, and this notice is filed within 30 days of the date of service.  Counsel for CITY contacted counsel for Defendant BAY AREA RAPID TRANSIT DISTRICT (BART) on May 8, 2015.  As of that date BART had not been served with the summons and complaint but counsel indicated consent to removal. (See Decl. of Alfred Martini attached hereto as Exhibit B).

A copy of this Notice of Removal will be promptly served upon all parties and filed with Superior Court of California, County of Alameda as required by 28 U.S.C. § 1446(d).

Defendant CITY hereby demands a trial by jury in this action.

Dated: May 22, 2015                                MICHAEL S. LAWSON, City Attorney


                                          By:    /s/ *Michael G. Vigilia*
                                                 Michael G. Vigilia, Assistant City Attorney
                                                 Attorneys for Defendant
                                                 CITY OF HAYWARD

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

City of Hayward, Bay Area Rapid Transit and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Joseph James Greer

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

04/22/15 14:37 CLK

ENDORSED
FILED
ALAMEDA COUNTY

MAR 23 2015

CLERK OF THE SUPERIOR COURT
By  S. IYAMU , Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland Ca

CASE NUMBER:
*(Número del Caso):*
RG 15763936

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stanley Goff (SBN) 289564, 15 Boardman Place San Francisco, CA 94103  415-571-95_

DATE:  MAR 23 2015   Leah T. Wilson   Clerk, by  S. IYAMU , Deputy
*(Fecha)*                *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☑ CCP 416.90 (authorized person)
          ☑ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Stanley Goff, Esq., State Bar No. 289564
Law Office of Stanley Goff
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff Joseph James Greer

ENDORSED
FILED
ALAMEDA COUNTY

MAR 23 2015

CLERK OF THE SUPERIOR COURT
By_____ Deputy
S. IYAMU

# SUPERIOR COURT OF CALIFORNIA
## ALAMEDA COUNTY

| | |
|---|---|
| JOSEPH JAMES GREER, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF HAYWARD, BAY AREA RAPID TRANSIT and DOES 1 - 50, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES <br><br> (Wrongful Death; Negligence; Battery; Assault; Violation of Decedent's Fourth Amendment Rights 42 U.S.C §1983; Violation of Plaintiff's Fourteenth Amendment Rights, 42 U.S. §1983 |

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES- 1

## I.

## **PARTIES**

1. Plaintiff Joseph James Greer is the natural, heir, successor in interest and survivor of decedent James Greer. Attached is his declaration required by California Code of Civil Procedure §377.32. He is a person described in California Code of Civil Procedure §377.60(a) as persons who may bring a wrongful death action and would be entitled to the property of the decedent by intestate succession. In his own right, he brings his Claim for Survivorship and his Claim under 42 U.S.C. §1983 for deliberate indifference to his constitutionally protected interests in the companionship of James Greer. He brings his claim under 42 U.S.C §1983 for violations of James Greer's Constitutional rights, as successor in interest to James Greer.

2. Defendant, City of Hayward is a legal entity established under the law of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California.

3. Defendant, Bay Area Rapid Transit is a legal entity established under the law of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California.

4. Defendant Hayward Police Officers DOES were at all times relevant to this complaint employed by the defendant City of Hayward. They are being sued in their individual and official capacity.

5. Defendant Bay Area Rapid Transit Police Officers DOES were at all times relevant to this complaint employed by the defendant Bay Area Rapid Transit. They are being sued in their individual and official capacity.

6. All defendants acted under the color of law as it pertains to this complaint.

COMPLAINT FOR DAMAGES- 2

## II.

## STATEMENT OF FACTS

7. On May 23, 2014, at approximately 10:44 p.m. in Hayward California, Decedent, James Nathan Greer, was driving on Mission Boulevard when he was signaled to pull over by a Hayward Police vehicle.

8. Mr. Greer responded to the Officer's lights and pulled onto a nearby K-Mart parking lot. A yet to be identified Hayward Police officer asked Mr. Greer to get out of the car for a sobriety check.

9. Due to the unleveled ground on the driver's side of Mr. Greer's car, officers asked Mr. Greer to walk over to the passenger side of his vehicle. Mr. Greer complied and walked to the passenger side from the front of his truck.

10. Mr. Greer then asked why he was being harassed, In addition, Mr. Greer informed the officers that he was healing from a gun shot wound in which he was shot over six times and had a protruding hernia on his stomach.

11. Mr. Greer was subsequently moved to the rear of his truck. Officers demanded that Mr. Greer lie down on his stomach on the ground. Due to the hernia in his abdomen, Mr. Greer was unable to comply with the officers' command.

12. Mr. Greer was then forced face down on the pavement by officers and Hayward and BART officers tasered Mr. Greer a total of three times.

COMPLAINT FOR DAMAGES- 3

13. Officers then placed Mr. Greer in a WRAP. Four yet to be identified Hayward and Bay Area Rapid Transit officers sat on all four of Mr. Greer's extremities. One officer sat directly on Mr. Greer's back. Mr. Greer felt extreme discomfort in his herniated stomach due to the excessive and unbearable weight of the five officers.

14. Mr. Greer died due to the excessive weight placed on his body by officers and multiple tasings. James Nathan Greer is survived by his son Joseph Greer.

15. Plaintiff filed timely government claims pursuant to California Government Code §910, et seq., in which claims were subsequently rejected.

**(Wrongful Death by Plaintiff Joseph Greer
As Successor in Interest to James Greer)**

16. Plaintiff alleges that the tasing and extreme restraint of the decedent was without cause and with unreasonable and excessive force and deliberate indifference to his safety, health, and life.

17. By deliberately and intentionally tasing decedent three times, placing him in a WRAP and sitting on all four of Mr. Greer's extremities, defendants DOE officers intended to and did cause serious injury and death to James Greer. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions.

18. Plaintiff alleges that reasonable alternatives were available to defendants to otherwise take James Greer into custody.

19. Prior to the death of decedent James Greer, plaintiff Joseph Greer was in close and constant contact with decedent and was dependent on him for love, comfort, companionship,

COMPLAINT FOR DAMAGES- 4

familial relationship, support and maintenance. At all times prior to his death, decedent was a loving, faithful, dutiful father to plaintiff Joseph Greer.

20. As a direct and proximate result of the acts and omissions of defendants as set forth above, including the gross negligence, carelessness, and deliberate indifference to decedent's safety and Constitutional rights, and the wrongful death of James Greer, plaintiff has sustained pecuniary and compensable loss resulting from the loss of James Greer's care, comfort, society, attention, services, affection, familial relationship, companionship, love, and support all in an amount not yet determined, but within the general jurisdictional requisites of this Court, and to be proven at trial.

21. As a further direct and proximate result of the actions and omissions described above, plaintiff has incurred expenses for the post-shooting care and treatment of decedent, including but not limited to funeral and burial expenses, the amount of which will be proven at trial.

22. As a further direct and proximate result of the actions and omissions described above, James Greer suffered personal injury before he died. As successors in interest to the decedent, plaintiff Joseph Greer is entitled to recover all personal injury sustained by the decedent before his death, as provided in section 377.34 of the California Code of Civil Procedure.

23. Defendants City of Hayward and Bay Area Rapid Transit, are vicariously responsible and liable for the conduct of their employees that occurred within the course and scope of their employment and duties, and pursuant to California Government Code §815.2, et seq.

COMPLAINT FOR DAMAGES- 5

(Negligence Claim by Plaintiff Joseph Greer
As Successor in Interest to James Greer)

24. By virtue of the foregoing, defendant DOE officers owed decedent a duty of due care not to place him at risk of serious physical injury and that this duty was breached by the defendants negligent acts of tasing the decedent three times and placing him in restraints and having several officers sit on all of his extremities unnecessarily.

25. The defendant DOE officers are liable for all injuries caused by his/her acts of causing the decedent to be placed at risk of serious physical injury to the same extent as a private person pursuant to California Government Code Section 820(a).

26. Defendants as a public employees are not exonerated or immune from liability for the act of negligently placing the decedent at risk of serious physical injury pursuant to California Government Code Section 820.8.

27. As a direct and proximate cause of the aforementioned acts of defendant, decedent was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

28. Defendants City of Hayward and Bay Area Rapid Transit, are vicariously responsible and liable for this conduct of their employees that occurred within the course and scope of their employment and duties, pursuant to California Government Code §815.2, et seq.

COMPLAINT FOR DAMAGES- 6

(Battery Claim by Plaintiff Joseph Greer
As Successor in Interest to James Greer)

29. Defendant DOE officers caused the decedent to suffer a battery when they subjected him to being tased three times to having his arm violently twisted behind his back and being subsequently struck by one of the defendant officers causing him to suffer severe injuries, which constitutes an unwanted physical contact by the defendant officers on decedent's person that was intentional without provocation, necessity, legal justification or the decedent's consent.

30. The defendant DOE officers are liable for all injuries caused by his/her acts of causing the decedent to be subjected to unwanted physical contact by the defendant officers on decedent's person that was intentional without provocation, necessity, legal justification or the decedent's consent to the same extent as a private person pursuant to California Government Code Section 820(a).

31. Defendants as a public employees are not exonerated or immune from liability for the act of causing a party to suffer a battery pursuant to California Government Code Section 820.8.

32. As a direct and proximate cause of the aforementioned acts of defendant, decedent was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

33. Defendants City of Hayward and Bay Area Rapid Transit, are vicariously responsible and liable for this conduct of their employees that occurred within the course and scope of their employment and duties, pursuant to California Government Code §815.2, et seq.

COMPLAINT FOR DAMAGES- 7

(Assault Claim by Plaintiff Joseph Greer
As Successor in Interest to James Greer)

34. Based on the above-stated misconduct, defendant DOE officers caused the decedent to suffer a reasonable fear of an imminent battery when they raised their hands to place the decedent in a WRAP and pointed their tasers at him in which to tase him three times which subsequently led to an unwanted physical contact by the defendant officers on decedent's person that was intentional without provocation, necessity or legal justification.

35. The defendant DOE officers are liable for all injuries caused by their acts of causing the decedent to suffer a reasonable fear or apprehension of an unlawful battery to the same extent as a private person pursuant to California Government Code Section 820(a).

36. Defendants as public employees are not exonerated or immune from liability for the act of committing an assault upon the decedent's person pursuant to California Government Code Section 820.8.

37. As a direct and proximate cause of the aforementioned acts of defendant, decedent was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

38. Defendants City of Hayward and Bay Area Rapid Transit, are vicariously responsible and liable for this conduct of their employees that occurred within the course and scope of their employment and duties, pursuant to California Government Code §815.2, et seq.

COMPLAINT FOR DAMAGES- 8

(Violation of Decedent's Fourth Amendment Rights, 42 U.S.C.
§1983 - by Plaintiff Joseph Greer
As Successor in Interest to James Greer)

39. Defendant officers DOE violated the decedent's rights under the Fourth Amendment to the Untied States Constitution to be free from the unlawful use of force when they engaged in the act of tasing the decedent three times, placing him in a WRAP and causing several officers to sit down on all of his extremities while he suffered from a previous multiple gun shot wounds and a hernia, without any provocation or justification to use such force.

40. Defendant officers DOE using an excessive amount of force, caused the decedent to suffer various injuries.

41. Plaintiff alleges that the City of Hayward and Bay Area Rapid Transit have inadequate policies in place directing its law enforcement officers to know what level of force to use that would be reasonable under the circumstances and that these defendant entities inadequately trained its law enforcement officers of the constitutional requirement to use only the degree of force necessary and reasonable to effect an arrest.

41. Plaintiff also alleges that this inadequate training by these defendant entities has exposed those who are in compliance with the law to deprivations of their Fourth Amendment rights to be free from the unlawful use of force and that the need for these defendant entities to train their law enforcement officers on the constitutional limits of using excessive force which led to the injuries which the decedent suffered in the instant case can be said to be "so obvious" that the failure to do so could be properly characterized as deliberate indifference to constitutional rights.

COMPLAINT FOR DAMAGES- 9

42. Further, plaintiff alleges that these two defendant entities inadequate training is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the use of excessive, unreasonable force of American citizens.

43. The plaintiff also alleges that these defendant entities omissions and systemic failures caused each officer DOE to believe that he/she had unfettered discretion to engage in the above-mentioned misconduct and that this improper conduct would not be properly investigated, with the foreseeable result that each officer DOE would likely cause the deprivation of rights that occurred in this case.

**(Violation of Plaintiff Joseph Greer's Fourteenth Amendment Rights, 42 U.S.C §1983; Against All Defendants)**

44. Plaintiff alleges that by the conduct alleged above, defendants, and each of them, acting under color of the law of the State of California and with deliberate indifference to the rights of plaintiff Joseph Greer, deprived said plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, as well as Federal law, including but not limited to the Fourteenth Amendment's right not to be deprived of life or liberty without due process of law.

45. As a direct and proximate result of the conduct by defendants alleged above, and the wrongful death of decedent James Greer, plaintiff Joseph Greer has sustained pecuniary loss resulting from the loss of care, comfort, society, attention, services, affection, familial relationship, companionship and love from decedent, all in an amount not yet determined, but within the general jurisdictional requisites of this Court, and to be proven at trial.

46. As a further direct and proximate result of defendants' gross negligence, carelessness and deliberate indifference to decedent's safety, and the wrongful death of decedent

COMPLAINT FOR DAMAGES- 10

James Greer, plaintiff Joseph Greer has incurred incidental expenses, including but not limited to funeral and burial expenses, the amount of which will be proven at time of trial.

47. Plaintiff alleges that the City of Hayward and Bay Area Rapid Transit have inadequate policies in place directing its law enforcement officers to know what level of force to use that would be reasonable under the circumstances and that these defendant entities inadequately trained its law enforcement officers of the constitutional requirement to use only the degree of force necessary and reasonable to effect an arrest which has led to the deprivation of plaintiff's Fourteenth Amendment Rights.

48. Plaintiff also alleges that this inadequate training by these defendant entities has exposed those who are in compliance with the law to deprivations of their Fourth Amendment rights to be free from the unlawful use of force and that the need for these defendant entities to train their law enforcement officers on the constitutional limits of using excessive force which led to the injuries which the decedent suffered in the instant case can be said to be "so obvious" that the failure to do so could be properly characterized as deliberate indifference to constitutional rights.

49. Further, plaintiff alleges that these two defendant entities inadequate training is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the use of excessive, unreasonable force of American citizens.

50. The plaintiff also alleges that these defendant entities omissions and systemic failures caused each officer DOE to believe that he/she had unfettered discretion to engage in the above-mentioned misconduct and that this improper conduct would not be properly investigated, with the foreseeable result that each officer DOE would likely cause the deprivation of rights that occurred in this case.

COMPLAINT FOR DAMAGES- 11

WHEREFORE, plaintiff prays for judgment against defendants City of Hayward, Bay Area Rapid Transit and defendant DOE Officers, as set forth below.

### PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants:

1. For general damages in an amount in excess of the jurisdictional requisites of the Court, according to proof at trial;

2. For special and incidental damages, according to proof at trial;

3. For punitive damages against individually named police officers, according to proof;

4. For costs of suit and reasonable attorneys' fees as provided by law, including but not limited to 42. U. S. C. §1988;

Dated: March 8, 2015

*Stanley Goff*
Stanley Goff Esq.,
Attorney for Plaintiff Joseph James Greer

COMPLAINT FOR DAMAGES- 12

**EXHIBIT B**

MICHAEL S. LAWSON (SBN 048172)
City Attorney
MICHAEL G. VIGILIA (SBN 228353)
Assistant City Attorney
CITY OF HAYWARD
777 B Street, 4th Floor
Hayward, CA 94541-5007
Tel: (510) 583-4450
Fax: (510) 583-3660
Michael.lawson@hayward-ca.gov
Michael.vigilia@hayward-ca.gov

Attorneys for Defendant
CITY OF HAYWARD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JAMES GREER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HAYWARD, BAY AREA RAPID TRANSIT DISTRICT and DOES 1-50,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF ALFRED MARTINI REGARDING NOTICE OF REMOVAL OF ACTION, 28 U.S.C. §1441(a), DEMAND FOR JURY TRIAL**<br><br>COMPLAINT FILED: 3/23/15<br>SERVED: 4/22/15 |

I, Alfred Martini, declare as follows:

1. I employed by the City of Hayward as a paralegal and am assisting the attorney assigned to this matter. I have personal knowledge of the following facts and, if called and sworn as a witness, can testify competently thereto.

2. On May 7, 2015 I was directed by Assistant City Attorney Michael Vigilia to contact legal counsel for the Bay Area Rapid Transit District (BART) to determine if BART had been served with the summons and complaint in this matter and whether BART would consent to removal of this action to federal court.

1
DECLARATION OF ALFRED MARTINI RE NOTICE OF REMOVAL

3.    On May 8, 2015 I spoke with Steve Schatz, legal counsel with BART, regarding this matter. He indicated that BART had not yet been served. He further indicated that BART would consent to removal of this action to federal court.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 22nd day of May, 2015 in Hayward, California.

By: _____

Alfred Martini, Declarant