OWEN T. ROONEY, ESQ. (Bar No. 127830)        [G.C. 6103]
EDRINGTON, SCHIRMER & MURPHY LLP
The Terraces
2300 Contra Costa Blvd., Suite 450
Pleasant Hill, CA 94523
Telephone: (925) 827-3300

Attorney for Defendant
BAY AREA RAPID TRANSIT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO BRANCH

| | |
|---|---|
| JOSEPH JAMES GREER,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF HAYWARD, BAY AREA RAPID TRANSIT and DOES 1-50.<br><br>    Defendants.<br>_____/ | Case No. 15-cv-02307-WHO<br><br>**DEFENDANT BART'S ANSWER TO COMPLAINT – JURY TRIAL DEMANDED** |

## JURY TRIAL DEMAND

Defendant hereby demands a jury trial in this case.

## ANSWER

COMES NOW defendant BAY AREA RAPID TRANSIT DISTRICT and in answer to plaintiff's Complaint (excluding the third and fourth causes of action which have been dismissed), for damages responds as follows:

1. Answering paragraph 1 of the Complaint, defendant responds that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

2. Answering paragraph 2 of the Complaint, defendant responds that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

3. Answering paragraph 3 of the Complaint, defendant admits that it is a legal entity in California.

4. Answering paragraph 4 of the Complaint, defendant responds that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

5. Answering paragraph 5 of the Complaint, defendant responds that it lacks sufficient information to admit the allegations in this paragraph because there are no individually named defendants and therefore denies them.

6. Answering paragraph 6 of the Complaint, defendant admits the allegations as to this defendant only.

7. Answering paragraph 7 of the Complaint, defendant responds that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

8. Answering paragraph 8 of the Complaint, defendant responds that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

9. Answering paragraph 9 of the Complaint, defendant responds that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

10. Answering paragraph 10 of the Complaint, defendant responds that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

11. Answering paragraph 11 of the Complaint, defendant responds that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

12. Answering paragraph 12 of the Complaint, defendant denies the allegations in this paragraph.

13. Answering paragraph 13 of the Complaint, defendant admits the allegations in the first sentence of this paragraph.   Defendant denies all remaining allegations in this paragraph.

14. Answering paragraph 14 of the Complaint, defendant denies the allegations in the first sentence of this paragraph.   Defendant responds that it lacks sufficient information to admit the remaining allegations in this paragraph and therefore denies them.

15. Answering paragraph 15 of the Complaint, defendant responds that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

16. Answering paragraph 16 of the Complaint, defendant denies the allegations in this paragraph.

17. Answering paragraph 17 of the Complaint, defendant denies the allegations in this paragraph.

18. Answering paragraph 18 of the Complaint, defendant denies the allegations in this paragraph.

19. Answering paragraph 19 of the Complaint, defendant responds that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

20. Answering paragraph 20 of the Complaint, defendant denies the allegations in this paragraph.

21. Answering paragraph 21 of the Complaint, defendant denies the allegations in this paragraph.

22. Answering paragraph 22 of the Complaint, defendant responds that it lacks sufficient information to admit the allegations in this paragraph and therefore denies them.

23. Answering paragraph 23 of the Complaint, defendant denies the allegations in this paragraph.

24. Answering paragraph 24 of the Complaint, defendant admits officers "owed decedent a duty of due care not to place him at risk of physical injury" and denies all remaining allegations in this paragraph.

25. Answering paragraph 25 of the Complaint, defendant denies the allegations in this paragraph.

26. Answering paragraph 26 of the Complaint, defendant denies the allegations in this paragraph.

27. Answering paragraph 27 of the Complaint, defendant denies the allegations in this paragraph.

28. Answering paragraph 28 of the Complaint, defendant denies the allegations in this paragraph as to this defendant only.

39. Answering paragraph 39 of the Complaint, defendant denies the allegations in this paragraph.

40. Answering paragraph 40 of the Complaint, defendant denies the allegations in this paragraph.

41. Answering paragraph 41 of the Complaint, defendant denies the allegations in this paragraph as to this defendant only.

41. (sic) Answering paragraph 41 (sic) of the Complaint, defendant denies the allegations in this paragraph as to this defendant only.

42. Answering paragraph 42 of the Complaint, defendant denies the allegations in this paragraph as to this defendant only.

43. Answering paragraph 43 of the Complaint, defendant denies the allegations in this paragraph as to this defendant only.

44. Answering paragraph 44 of the Complaint, defendant denies the allegations in this paragraph as to this defendant only.

45. Answering paragraph 45 of the Complaint, defendant denies the allegations in this paragraph.

46. Answering paragraph 46 of the Complaint, defendant denies the allegations in this paragraph as to this defendant only.

47. Answering paragraph 47 of the Complaint, defendant denies the allegations in this paragraph as to this defendant only.

48. Answering paragraph 48 of the Complaint, defendant denies the allegations in this paragraph as to this defendant only.

49. Answering paragraph 49 of the Complaint, defendant denies the allegations in this paragraph as to this defendant only.

50. Answering paragraph 50 of the Complaint, defendant denies the allegations in this paragraph as to this defendant only.

//

## AFFIRMATIVE DEFENSES

### QUALIFIED IMMUNITY

AS AND FOR A SEPARATE AFFIRMATIVE DEFENSE to the Complaint and the causes of action asserted therein, defendant alleges that the individually named defendants, as a public employees, are immune under the common law doctrine of qualified immunity.

### IMMUNITY

AS AND FOR A FURTHER, SEPARATE AFFIRMATIVE DEFENSE to the Complaint and the causes of action asserted therein, defendant alleges that they are immune from suit for damages under 42 U.S.C. Section 1983 under the Eleventh Amendment to the Constitution of the United States.

### FAILURE TO STATE A CAUSE OF ACTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's Complaint fails to state a cause of action against said defendants.

### STATUTE OF LIMITATIONS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's causes of action are barred by California Code of Civil Procedure Section 335.1 and 340(c).

### THIRD PARTY NEGLIGENCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that certain persons and entities not presently named in this action as plaintiffs or defendants were careless and negligent in and about the matters alleged in the Complaint and that the carelessness and negligence on the part of said persons and entities proximately contributed to the happening of the incident and to plaintiff's injuries, and to plaintiff's loss and damages complained of, if any there were.

### PLAINTIFF'S COMPARATIVE NEGLIGENCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant denies any wrongdoing, negligence, or liability on his part. However, should it be determined that defendant is liable, then defendant further alleges that plaintiff also contributed to

his own injuries and losses, if any there were, and by virtue of the decision in the case of <u>Li v. Yellow Cab Company</u> (1975) 13 Cal.3d 804, defendant asks that any judgment entered against it be proportionally reduced to the extent that plaintiff's own negligence proximately contributed to his own injuries, death and/or losses, if any there were.

## FAILURE TO MITIGATE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff was bound to exercise reasonable care and diligence to avoid loss and to minimize damages, if any there were, and that the plaintiff may not recover for losses which could have been prevented by reasonable efforts on his part or by expenditures that they might reasonably have made.

## PRIVILEGED ACTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that the acts set forth in the Complaint are privileged.

## NO VIOLATION OF CONSTITUTIONAL RIGHTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff was not been deprived of any constitutional right, whether federal or state, at any time, as alleged herein.

## LAWFUL DETENTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that the plaintiff was detained as the circumstances were such to indicate to a reasonable person in a like position that such a course of action was called for in the proper discharge of the officers' duties.  Plaintiff was lawfully detained incident to his lawful arrest.

## GOVERNMENT CODE §§820.2 and 815.2(b)

AS AND FOR A FURTHER SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that to the extent the acts complained of were within the discretion of public employees, defendant is immune from liability pursuant to the provisions of Government Code §§820.2 and 815.2(b).

//

|   |   |
|---|---|
| 1 | **GOVERNMENT CODE §905** |
| 2 | AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, |
| 3 | defendant alleges that plaintiff's action is barred to the extent that plaintiff has failed to comply |
| 4 | with Government Code §905. |
| 5 | **GOVERNMENT CODE §900 ET SEQ.** |
| 6 | AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, |
| 7 | defendant alleges that plaintiff's Complaint exceeds the scope of his claim, both in respect to |
| 8 | theories of liability asserted and to injuries and damages claimed. It is therefore barred pursuant to |
| 9 | Government Code §900, et seq. |
| 10 | **GOOD FAITH IMMUNITY** |
| 11 | AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, |
| 12 | defendant alleges that at all times relevant herein, defendant acted with a good faith belief that its |
| 13 | actions were proper and lawful and did not violate clearly established law, and consequently, |
| 14 | defendant is entitled to immunity. |
| 15 | **PUNITIVE DAMAGES** |
| 16 | AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, |
| 17 | defendant is immune from claims for punitive damages, pursuant to California Government Code |
| 18 | Section 818, and under federal law. |
| 19 | **CALIFORNIA GOVERNMENT CODE IMMUNITIES** |
| 20 | AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, |
| 21 | defendant alleges that it is immune from suit herein under applicable California immunity statutes, |
| 22 | including, but not limited to, California Government Code §§ 815.2, 818, 818.2, 818.4, 818.8, |
| 23 | 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.6, 821.8, and 822.2. |
| 24 | **WILLFUL CONTRIBUTORY NEGLIGENCE** |
| 25 | AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, |
| 26 | defendant alleges that plaintiff was himself willfully careless and negligent in and about the matters |
| 27 | alleged in the Complaint and that said willful carelessness and negligence on said plaintiff's own |
| 28 |   |

part proximately contributed to the happening of the accident and to the injuries and to the loss and damages complained of, if any there were.

## AMOUNT OF FORCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that a police officer is entitled to use reasonable force and is not required to use the least amount of force necessary.

## USE OF FORCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that the force used was authorized and permitted under various sections of the Penal Code, including but not limited, §§835, 835(a), 836.5(b), and 843.

## MONELL

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges proof of random acts or isolated incidents of unconstitutional action by a non-policymaking police officer are insufficient to establish the existence of a municipal policy or custom. Further, there is no *Monell* liability if there is no excessive force.

## RATIFICATION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges the Chief of Police's knowledge, if any, of the defendant officers' violations of plaintiff's constitutional rights does not mean that Chief of Police violated plaintiff's constitutional rights. Rather, plaintiff must prove that the Chief of Police, through his own actions, violated plaintiff's constitutional rights. Plaintiff must prove that defendant, in his capacity as the Chief of Police, undertook a course of action for the purpose of violating plaintiff's constitutional rights.

## TRAINING

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges the alleged inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.

//

# PRAYER

WHEREFORE, defendant prays for relief as follows:

1. That plaintiff take nothing by this action;

2. That plaintiff's prayer for expenses, costs and attorneys fees be denied;

3. That plaintiff be required to pay defendant's reasonable attorney's fees and costs incurred in the defense of this action; and,

4. For any such relief that justice requires and this Court deems proper.

DATED:  December 15, 2015                              EDRINGTON, SCHIRMER & MURPHY LLP


By: _____/s/_____
         Owen T. Rooney, Esq.