MATTHEW D. HALEY (Bar No. 104493)
THE HALEY LAW OFFICES
1633 San Pablo Avenue
Oakland, CA 94612
Telephone: (510) 444-1881
Facsimile: (510) 444-5108
Email: matt@haleylaw.com

FULVIO F. CAJINA (Bar No. 289126)
LAW OFFICE OF FULVIO F. CAJINA
311 Oak Street, Suite 108
Oakland, CA 94607
Telephone: (415) 601-0779
Email: fulvio@cajinalaw.com

STANLEY GOFF (Bar No. 289564)
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiff JOSEPH JAMES GREER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JAMES GREER<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF HAYWARD; BAY AREA RAPID TRANSIT DISTRICT; MICHAEL CLARK; JULIAN COSGRIFF; DANIEL COVARRUBIAS; GUILLERMO DELIRA; BRIAN LEWANDOWSKI; JEFF LUTZINGER; NORM MCADAMS; SEAN SPILLNER; BRANDON TONG; JON TOUGAS; RICK TRAN; DAVE WATERS; BEN YARBROUGH; and Does 1-10;<br><br>          Defendants. | CASE NO. 3:15-cv-02307-WHO<br><br>**PLAINTIFF JOSEPH JAMES GREER'S SECOND AMENDED COMPLAINT**<br><br>1.Wrongful Death/Negligence;<br>2. Violation of Decedent's Fourth Amendment Rights 42 U.S.C §1983; and<br>3. Violation of Plaintiffs' Fourteenth Amendment Rights, 42 U.S. §1983.<br><br>**DEMAND FOR JURY TRIAL** |

SECOND AMENDED COMPLAINT

Plaintiff JOSEPH JAMES GREER, demanding a jury trial, brings this action against Defendants CITY OF HAYWARD; BAY AREA RAPID TRANSIT DISTRICT; MICHAEL CLARK; JULIAN COSGRIFF; DANIEL COVARRUBIAS; GUILLERMO DELIRA; BRIAN LEWANDOWSKI; JEFF LUTZINGER; NORM MCADAMS; SEAN SPILLNER; BRANDON TONG; JON TOUGAS; RICK TRAN; DAVE WATERS; BEN YARBROUGH; and Does 1-10, inclusive, for general, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unlawful and tortious conduct, and as grounds therefore alleges as follows:

## I. PARTIES

1.  Plaintiff Joseph James Greer is the natural, heir, successor in interest and survivor of decedent James Greer. He is a person described in California Code of Civil Procedure §377.60(a) as persons who may bring a wrongful death action and would be entitled to the property of the decedent by intestate succession.  In his own right, he brings his Claim for Wrongful Death and Survivorship and his Claim under 42 U.S.C. §1983 for deliberate indifference to his constitutionally protected interests in the companionship of James Greer.  He brings his claim under 42 U.S.C §1983 for violations of James Greer's Constitutional rights, as successor in interest to James Greer.

2.  Defendant City of Hayward  ("HAYWARD") is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California.

3.   Defendant Bay Area Rapid Transit ("BART") is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California.

4.  Defendant Hayward police officers, Michael Clark, Julian Cosgriff, Daniel Covarrubias, Guillermo DeLira, Brian Lewandowski, Jeff Lutzinger, Norm McAdams, Sean Spillner, Brandon Tong, Rick Tran, Dave Waters, and Ben Yarbrough, are individuals and were at all times

2

SECOND AMENDED COMPLAINT

relevant to this complaint employed by the defendant HAYWARD (collectively, the "Hayward Officers"). They are being sued in their individual and official capacities.

5.  Defendant Bay Area Rapid Transit police officer Jon Tougas was at all times relevant to this complaint an individual employed by the defendant BART. He is being sued in his individual and official capacity.

6.  Defendants Does 1-10 are defendants whose capacities are unknown to plaintiff. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

7.   This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiff's claim under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the County of Alameda, which is located in this district.

## III. STATEMENT OF FACTS

9. On May 23, 2014, at approximately 10:44 p.m. in Hayward California, Decedent, James Nathan Greer, was driving on Mission Boulevard when he was signaled to pull over by a Hayward Police vehicle.

10. Mr. Greer responded to the Officer's lights and pulled onto a nearby K-Mart parking lot. A Hayward Police officer asked Mr. Greer to get out of the car for a sobriety check. The officer patted-down Mr. Greer and confirmed that Mr. Greer was unarmed. Mr. Greer was respectful and cooperative with the officer.

11. Due to the uneven ground on the driver's side of Mr. Greer's car, the officer asked Mr. Greer to walk over to the passenger side of his vehicle. The officer informed Mr. Greer that he

3

SECOND AMENDED COMPLAINT

was not under arrest. Mr. Greer complied and walked to the other side of his vehicle. There, Mr. Greer, who was middle-aged and obese, informed the officer that he suffered from injuries to his knees and abdomen. Particularly, Mr. Greer's stomach area was enlarged due to a protruding and clearly visible hernia.

12. The officer intended to conduct additional field sobriety tests on Mr. Greer. By that time, many officers, including the individual defendants, were on the scene to assist. Mr. Greer became anxious and confused, and simply took several steps to his side. Mr. Greer did not in any way threaten any officer, was not violent, and did not attempt to flee. He simply took some steps sideways.

13. Mr. Greer was then swarmed by multiple officers, slammed to the ground, turned on his stomach, and several officers got on top of him, compromising Mr. Greer's breathing.

14. Mr. Greer was forced face down on the pavement by the Hayward and BART officers. The officers further Tasered Mr. Greer at least three times. Mr. Greer was in obvious distress, moaning in pain.

15. At the same time, officers began placing Mr. Greer in a body-restraint system known as a "WRAP." At least four Hayward and Bay Area Rapid Transit officers sat on all four of Mr. Greer's extremities.  Several officers applied pressure directly on Mr. Greer's back and head. Mr. Greer felt extreme discomfort in his herniated stomach due to the excessive and unbearable weight of the officers. Another officer appeared to fishhook Mr. Greer's mouth and then shoved a stick of some sort into Mr. Greer's mouth.

16. Soon thereafter, while Mr. Greer continued to lay in a prone position, the officers noted that Mr. Greer was in respiratory distress, was unable to breath, and also unable to communicate. At that point, officers knew Mr. Greer required immediate medical attention. Eventually, the officers turned Mr. Greer over but he was unconscious. For at least five minutes after discovering that Mr. Greer was in medical distress the officers did not perform, or facilitate the performance of, any assistive care, including but not limited to cardio-pulmonary resuscitation

SECOND AMENDED COMPLAINT

("CPR"). To the contrary, officers continued to apply restraints to Mr. Greer, including placing a restraint around his chest as part of the WRAP device, which caused Mr. Greer to be in an upright-seated position. Officers kept Mr. Greer in that position – handcuffed and restrained – for critical minutes even though, unconscious, he did not pose a risk to them, and despite the fact that medical personnel arrived on scene and needed to tend to Mr. Greer. At least one officer continued to apply pressure to Mr. Greer's back with his knee as medical personnel attempted to treat Mr. Greer.

17. Officers filmed the entire arrest and parts of Mr. Greer's medical distress.

18. As a result of the officer's actions in unnecessarily swarming and driving and holding Mr. Greer to the ground, and as a result of their failure to render aid when they knew it was needed, Mr. Greer died.

19. Plaintiff, decedent's only son, filed timely government claims pursuant to California Government Code §910, et seq., for negligence and wrongful death. Plaintiff's claims were subsequently rejected.

## IV. CAUSES OF ACTION

### FIRST CLAIM

(Wrongful Death-Negligence-Against all Defendants by Plaintiff Joseph Greer as Heir and Survivor of the Decedent)

20. The allegations set forth in paragraphs 1 through 19 are re-alleged and incorporated herein by reference.

21. Plaintiff is the sole surviving issue of decedent and was dependent on him for financial support and affection and accordingly has standing under Code of Civil Procedure section 377.60 to bring this action arising out of the wrongful death of decedent.

22. Defendant Hayward Officers and Tougas, and each of them, were negligent and careless in their actions on the evening of March 23, 2014 by: deliberately and intentionally Tasering decedent at least three times in rapid succession; placing decedent in a WRAP and

5

SECOND AMENDED COMPLAINT

applying pressure to decedent's back even though he was unconscious, resulting in asphyxia; and failing to administer, or otherwise depriving decedent of, reasonable medical treatment once it was apparent that decedent was in medical distress. Defendants Hayward Officers and Tougas, all and each of them, breached their duty to use reasonable care toward persons such as Mr. Greer, and negligently did cause serious injury and death to James Greer.  Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions.

23. As a result of such negligence defendants proximately caused damages to plaintiff by causing the wrongful death of decedent and causing plaintiff to suffer the loss of society, care, comfort, companionship, solace and more as well as the economic support of decedent.

24. At all times relevant to this complaint, the Hayward Officers and Tougas were acting under the color of law and within the course and scope of their employment for Defendants HAYWARD and BART, respectively. Accordingly, Defendants HAYWARD and BART are vicariously liable for the injuries proximately caused by their respective officers.

25. The conduct of defendants Hayward Officers and Tougas, as alleged, was intended to cause injury to Mr. Greer and was done in conscious disregard of Mr. Greer's rights and safety and thus constitutes malice. In addition, the conduct of defendants Hayward Officers and Tougas subjected Mr. Greer to cruel and unjust hardship in conscious disregard of Mr. Greer's Rights, thus constituting oppression.  Because the above acts were performed in a malicious, and/or oppressive manner, plaintiff is entitled to recover punitive damages from Defendants Hayward Officers and Tougas in an amount according to proof.

## SECOND CLAIM

(Violation of Decedent's Fourth Amendment Rights, 42 U.S.C.

§1983 - Against all Defendants)

26. The allegations set forth in paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

6

SECOND AMENDED COMPLAINT

27. Plaintiff, as successor in interest of decedent, alleges that defendants, jointly and severally, deprived decedent of his Fourth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth Amendment by:

28. As to defendants Hayward Officers and Tougas, using unreasonable, excessive and deadly force in the course of the defendants Hayward Officers and Tougas' stop and arrest of decedent by, among other things, deliberately and intentionally Tasering decedent at least three times in rapid succession when decedent did not pose any threat to defendants; placing decedent in a WRAP and/or applying continued, lethal pressure to decedent's back, resulting in asphyxia; and failing to administer, or otherwise depriving decedent of, reasonable medical treatment once it was apparent that decedent was in medical distress.

29. As to defendants HAYWARD and BART, failing to prevent, provide supervision of, and/or proper training to officers, such as Hayward Officers and Tougas, so that violations of federal civil rights would not occur, resulting in the use of excessive force – as alleged above – against persons such as decedent. Defendants HAYWARD and BART acted with deliberate indifference to the obvious consequences of their failure to prevent, supervise, or train their officers not to engage in the above conduct, which was a moving force in decedent's death.

30. Defendants' violations of decedent's constitutional rights resulted in decedent's suffering and death and were a proximate and direct cause of plaintiff's injuries arising from decedent's wrongful death.

31. The conduct of defendants Hayward Officers and Tougas, as alleged, was intended to cause injury to Mr. Greer and was done in conscious disregard of Mr. Greer's rights and safety and thus constitutes malice. In addition, the conduct of defendants Hayward Officers and Tougas subjected Mr. Greer to cruel and unjust hardship in conscious disregard of Mr. Greer's Rights, thus constituting oppression.  Because the above acts were performed in a malicious, and/or oppressive manner, plaintiff is entitled to recover punitive damages from Defendants Hayward

7

SECOND AMENDED COMPLAINT

Officers and Tougas in an amount according to proof.

**THIRD CLAIM**

(Violation of Decedent's Fourteenth Amendment Rights, 42

U.S.C §1983 - Against Defendants Hayward Officers and Tougas)

32. The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33. Plaintiff, as successor in interest of decedent, alleges that defendants, jointly and severally, deprived decedent of his Fourteenth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth Amendment by:

34. As to defendants Hayward Officers and Tougas, engaging in behavior that shocks the conscience by, among other things, deliberately and intentionally Tasering decedent at least three times in rapid succession when decedent did not pose any threat to defendants; placing decedent in a WRAP and applying pressure to decedent's back, resulting in positional asphyxia; and failing to administer, or otherwise depriving decedent of, reasonable medical treatment once it was apparent that decedent was in medical distress.

35. As to defendants HAYWARD and BART, failing to prevent, provide supervision of, and/or proper training to officers, such as Hayward Officers and Tougas, so that violations of federal civil rights would not occur, resulting in the inadequate administering of reasonable medical care to persons such as decedent once in police custody. Defendants HAYWARD and BART acted with deliberate indifference to the obvious consequences of their failure to prevent, supervise, or train their officers not to engage in the above conduct, which was a moving force in decedent's death.

36. Defendants' violations of decedent's constitutional rights resulted in decedent's suffering and death and were a proximate and direct cause of plaintiff's injuries arising from decedent's wrongful death.

SECOND AMENDED COMPLAINT

37. The conduct of defendants Hayward Officers and Tougas, as alleged, was intended to cause injury to Mr. Greer and was done in conscious disregard of Mr. Greer's rights and safety and thus constitutes malice. In addition, the conduct of defendants Hayward Officers and Tougas subjected Mr. Greer to cruel and unjust hardship in conscious disregard of Mr. Greer's Rights, thus constituting oppression.  Because the above acts were performed in a malicious, and/or oppressive manner, plaintiff is entitled to recover punitive damages from Defendants Hayward Officers and Tougas in an amount according to proof.

## V. PRAYER FOR RELIEF

Plaintiff prays for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;

2. For general damages according to proof;

3. For punitive damages against all individual defendants according to proof;

4. The prejudgment interest at the legal rate according to proof;

5. For costs and attorneys' fees as provided by law; and

6. For such other relief as the Court may deem fit and proper.


Respectfully submitted,

THE HALEY LAW OFFICES

Dated:  April 7, 2016                    _____/s/ Matthew D. Haley_____
                                                   MATTHEW D. HALEY
                                                   Attorney for Plaintiff JOSEPH JAMES GREER

SECOND AMENDED COMPLAINT