**GILBERT, KELLY, CROWLEY & JENNETT LLP**
OWEN T. ROONEY / Bar No. 127830
orooney@gilbertkelly.com
44 Montgomery Street, Suite 2080
San Francisco, California 94104-6702
(415) 627-9000; FAX: (213) 615-7100

**Mailing Address:**
550 South Hope Street, 22nd Floor
Los Angeles, California 90071-2627

Attorneys for Defendant
BAY AREA RAPID TRANSIT DISTRICT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH JAMES GREER,<br><br>    Plaintiff,<br>v.<br><br>CITY OF HAYWARD, BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-50,<br><br>    Defendant. | Case No. 3:15-cv-02307-WHO<br><br>**DECLARATION OF JON TOUGAS IN SUPPORT OF DEFENDANT BAY AREA RAPID TRANSIT DISTRICT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 4, 2017<br>Time: 2:00 p.m.<br>Court Room: 2 |

I, Jon Tougas, declare:

1. I am a Sergeant with the BART Police Dept. and a named defendant in the above-entitled action.

2. The BART Police Dept. does not have a policy, custom or practice of committing, or condoning, constitutional violations.

3. One of the job duties I have as a Sergeant with the BART Police Dept. is to investigate any use of force incidents by the officers under my command. My Use of Force Report is then reviewed by the Watch Commander and the Use of Force Review Board and the Chief of Police. The Chief of Police has the authority to accept or reject those findings. The purpose of

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

DECLARATION OF JON TOUGAS IN SUPPORT OF DEFENDANT BAY AREA RAPID TRANSIT DISTRICT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND

4164531.1 08433-00004 GKC

this multi-level review process is transparency.

4. The subject incident was investigated by the Internal Affairs division of the BART Police Dept. pursuant to standard protocol for an in-custody death or an officer involved shooting.

5. I did not use my taser on Mr. Greer.

6. I was not involved in the application of any of the three portions of the WRAP.

7. I did not punch, kick or use my baton on Mr. Greer.

8. At no time did I place my foot on or near Mr. Greer's head and/or neck area.

9. At no time did I place Mr. Greer in a carotid hold or chokehold.

10. I did not execute any type of take down maneuver of Mr. Greer. During the struggle, I wanted Mr. Greer on the ground in order to get him handcuffed, but I did not execute any type of takedown maneuver.

11. I did not straddle, kneel on, sit on or in any way compress Mr. Greer's torso.

12. After Mr. Greer was handcuffed, I stated that he appeared to be unconscious. I did not observe that his lips were blue. I then observed a Hayward officer taking Mr. Greer's pulse and state he had a pulse I observed the Hayward Fire Dept. had arrived. I heard a Hayward officer state that the paramedics were on scene.

13. I was not deliberately indifferent to Mr. Greer's medical needs. Knowing that the Fire Dept. was on scene and that the paramedics are more highly trained in emergency medical procedures than I am, I deferred to their expertise. As a police officer, I have received training in basic first aid and cardiopulmonary resuscitation, but a paramedic has more training and experience than I do. Thus, I did not recklessly disregard Mr. Greer's medical needs.

14. While I was aware that Mr. Greer appeared to be unconscious, I did not know that Mr. Greer's cardiac arrest was imminent. Not only was the Fire Dept. already on scene, but I had no facts from which to infer, deduce or conclude that Mr. Greer was in medical distress.

15. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, is within my personal knowledge and if called as a witness I am competent to testify thereto.

Executed on November 10, 2016 at Oakland, CA.

_____
JON TOUGAS