GILBERT, KELLY, CROWLEY & JENNETT LLP
OWEN T. ROONEY / Bar No. 127830
orooney@gilbertkelly.com
44 Montgomery Street, Suite 2080
San Francisco, California 94104-6702
(415) 627-9000; FAX: (213) 615-7100

**Mailing Address:**
550 South Hope Street, 22nd Floor
Los Angeles, California 90071-2627

Attorneys for Defendant
BAY AREA RAPID TRANSIT DISTRICT

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JAMES GREER,<br><br>    Plaintiff,<br>v.<br><br>CITY OF HAYWARD, BAY AREA RAPID TRANSIT DISTRICT, and DOES 1-50,<br><br>    Defendant. | Case No. 3:15-cv-02307-WHO<br><br>**DECLARATION OF JARED ZWICKEY IN SUPPORT OF DEFENDANT BAY AREA RAPID TRANSIT DISTRICT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 4, 2017<br>Time: 2:00 p.m.<br>Court Room: 2 |

I, Jared Zwickey, declare:

1. I am currently employed with San Joaquin Delta College District as an Associate Professor in the Administration of Justice Discipline, after serving for fifteen years as the Director of Police Services and Public Safety Programs in which I was responsible for, among other things, managing the campus police department and basic officer training at the Delta College and Stanislaus Sheriff's Regional Training Center, the California Dept. of Corrections- Juvenile Justice Institutions Academy, the Fire Technology program and the Administration of Justice and Corrections academic programs.

2. I also teach firearms, defensive tactics, criminal law, search and seizure, and use of

Gilbert, Kelly Crowley & Jennett LLP Attorneys at Law

DECLARATION OF JARED ZWICKEY IN SUPPORT OF DEFENDANT BAY AREA RAPID TRANSIT DISTRICT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
4175966.1 08433-00004 GKC

force in the Basic Police Officer Academy program for numerous law enforcement agencies including the California Department of Corrections, Fire Service agencies, state and federal law enforcement personnel and members of the United States Military.

3. I also teach Administration of Justice courses as an adjunct instructor for the Yosemite Community College District. I am also employed by Institute of Technology as a use of force and firearms instructor.

4. I work closely with the California Commission on Basic Police Officer Standards and Training (POST) to develop course curriculums used in the police academy. I currently serve as the use of force subject matter expert representing the Basic Police Officer Academy sponsored programs in the State of California.

5. I hold all Commission Police Officers Standards and Training certifications that can be issued to a law enforcement officer in the State California which certify my multiple areas of expertise. I have a F.B.I. Firearms Instructor Certificate, and POST certifications as a defensive tactics instructor, impact weapons instructor, basic and advanced narcotics and dangerous drugs, test proctor, basic course academy instructor of perishable skills and racial discrimination profile instructor.

6. I have served on numerous POST committees as a canine, tactics, use of force, firearms and scenario training expert and as a subject matter expert for the basic academy course training materials in order to develop program guidelines for law enforcement certification programs. I am a member of the POST Consortium Advisory Committee and subject matter expert evaluation team to ensure consistency between training specifications and workbook training materials for the basic academy course among the forty training academies in the State of California.

7. I have a Bachelor's Degree in Administration of Justice from Golden Gate University and am a graduate of the California Command College and the Federal Bureau of Investigation National Academy.

8. I have thirty-eight years of law enforcement experience and forty years of training experience as an Administration of Justice instructor at the Community College level. In

-2-
DECLARATION OF JARED ZWICKEY IN SUPPORT OF DEFENDANT BAY AREA RAPID TRANSIT DISTRICT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
4175966.1  08433-00004

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

particular, I worked as a law enforcement officer with the City of Concord as a Patrol and Traffic Sergeant, Special Investigations, Operations and Administrative Lieutenant, Captain of the Operations Division and Acting Chief of Police. I routinely reviewed citizen complaints and investigated alleged acts of misconduct and administered progressive discipline when allegations were sustained.

9. I then served as the Chief of Police for the City of Tracy in which I conducted and directed internal affairs investigations into alleged acts of misconduct and administered progressive discipline.

10. As the Director of Police Services at San Joaquin Delta College, I was responsible for the oversight of personnel in the police department and I directed numerous internal affairs investigations into alleged acts of misconduct and administered progressive discipline.

11. I have testified in approximately seventy-three cases over the past forty years including, but not limited to, use of force, law enforcement policies and practices and tactical and investigation procedures. I have testified in both state and federal courts.

12. I was retained to serve as an expert to evaluate the reasonableness of the use of force by BART Police Sgt. Jon Tougas on May 23, 2014 and BART's policy on the use of force. To this end, I reviewed numerous materials, including but not limited to, the Hayward and BART police reports, BART police video, the autopsy and the coroner's reports, and the depositions of Hayward Lieutenant Lutzinger, Hayward Officer Lewandowski, Hayward Officer Cosgriff, Hayward Officer Tong, Hayward Officer McAdams, Hayward paramedic Brassfield and BART Sgt. Tougas and BART's use of force policy.

13. It is my expert opinion that BART Sgt. Tougas used reasonable force on May 23, 2014. A reasonably well-trained police officer, when confronted with the same or similar facts, would have followed the same policies and procedures to detain Mr. Greer. The type and amount of force used by Sgt. Tougas to help control Mr. Greer was consistent with his training and experience, current law enforcement policies and procedures and departmental policy. Sgt. Tougas reasonably believed that Mr. Greer's actions, in walking away from the field sobriety test being administered by Hayward Lieutenant Lutzinger and failing to comply with lawful police

-3-

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

DECLARATION OF JARED ZWICKEY IN SUPPORT OF DEFENDANT BAY AREA RAPID TRANSIT DISTRICT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

4175966.1  08433-00004

commands, constituted a criminal act.

14. The officers, including Sgt. Tougas, used de-escalation techniques on Mr. Greer by repeatedly telling him to calm down, relax and to put his hands behind his back. Mr. Greer was told at least five times to relax and seven times to put his hands behind his back before Mr. Greer and the officers fell to the ground. All total, the officers including Sgt. Tougas, told Mr. Greer approximately thirteen times to put his hands behind his back and approximately thirty times to calm down and to stop resisting before he was ultimately handcuffed.

15. A police officer's use of force is based on objective factors and the amount of force used must be balanced against the need for the use of force. Considerations for use of force include, but are not limited to, the subject's display of aggressive or assaultive behavior, the physical size of the subject compared with the officer, the need for immediate control of the subject due to tactical considerations, the officer's perception of the subject's knowledge of fighting skills and the ability to control the subject by other means. Each situation will require police officers to exercise judgment in the use of force.

16. In this case, Sgt. Tougas and the Hayward officers, were unable to control Mr. Greer's active and violent resistance through their command presence and verbal commands. Sgt. Tougas used only the amount of force objectively reasonable under the circumstances. Mr. Greer grabbed the trailer hitch and repeatedly kept his hands tucked underneath his torso in an effort to resist the officers placing him into handcuffs. At one point, the Hayward officers applied a handcuff to Mr. Greer's left wrist, but he then pulled it free of the grasp of the Hayward officers and the struggle continued.

17. A reasonably well-trained police officer, such as BART Sgt. Tougas, would have properly relied on his training and experience in making a split-second decision to control Mr. Greer changed his behavior and demeanor. Mr. Greer posed an immediate and credible threat to the officers and as it turned out, Mr. Greer had a lethal dose of phencyclidine (PCP) in his system. PCP has hallucinogenic properties that has been known to cause visual and auditory distortions, perceptual changes, delusional thinking and would explain the officers' description that Mr. Greer exhibited extraordinary strength. In particular, Mr. Greer, who weighed approximately 380

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

-4-
DECLARATION OF JARED ZWICKEY IN SUPPORT OF DEFENDANT BAY AREA RAPID TRANSIT DISTRICT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
4175966.1  08433-00004

pounds, was able to resist for several minutes the physical efforts of 4-6 police officers to control him, pain-compliance techniques administered by the Hayward police officers and being tased three times by Hayward police officers. Mr. Greer continued to resist and struggle even after being tased and the administration of pain compliance techniques by the Hayward police officers.

18. Sgt. Tougas used prudent and reasonable actions and in fact, used minimal efforts, to overcome Mr. Greer's active resistance.

19. There is no evidence that BART Sgt. Tougas punched, kicked, used a baton or any type of impact weapon, used a taser, or in any way sat on, kneeled, straddled or compressed Mr. Greer's torso in such a way to inhibit his breathing. There is also no evidence that Sgt. Tougas in any way "slammed" Mr. Greer to the ground. Sgt. Tougas was not involved in application of the WRAP.

20. Once Mr. Greer was handcuffed, Sgt. Tougas observed that a Hayward officer was taking Mr. Greer's pulse and reasonably deferred to Hayward firefighter-paramedic Brassfield to provide medical care to Mr. Greer. As a police officer, Sgt. Tougas has basic training in first aid and cardiopulmonary resuscitation, but a firefighter-paramedic has more experience, training and skill than a police officer in rendering medical attention. Based on my review of the video from Sgt. Tougas' body camera, it appears that the paramedics responded to the scene in less than one minute after being notified to respond to the scene. The firefighter-paramedic initially staged nearby for their safety until the scene was clear.

21. The use of force by Sgt. Tougas was consistent with BART's written use of force policy. Under *Graham v. Conner*, 490 U.S. 386 (1989), the reasonableness of force must be judged from the perspective of an objectively reasonable officer on scene, on the totality of circumstances and not through 20/20 hindsight.

22. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, is within my personal knowledge and if called as a witness I am competent to testify thereto. Executed on November 21, 2016 at Manteca, CA.

JARED ZWICKEY

Gilbert, Kelly
Crowley & Jennett LLP
Attorneys at Law

DECLARATION OF JARED ZWICKEY IN SUPPORT OF DEFENDANT BAY AREA RAPID TRANSIT DISTRICT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
4175966.1  08433-00004