# EXHIBIT 10

```
 1  MATTHEW D. HALEY (Bar No. 104493)
    THE HALEY LAW OFFICES
 2  1633 San Pablo Avenue
    Oakland, CA 94612
 3  Telephone: (510) 444-1881
 4
    Attorneys for Plaintiff JOSEPH JAMES GREER
 5
 6
 7
                    UNITED STATES DISTRICT COURT
 8
                   NORTHERN DISTRICT OF CALIFORNIA
 9
```

| JOSEPH JAMES GREER | CASE NO. 3:15-cv-02307-WHO |
|---|---|
| Plaintiff, | TRIAL: January 9, 2017 |
| v. | |
| CITY OF HAYWARD; BAY AREA RAPID TRANSIT DISTRICT; et al.; | **INITIAL EXPERT REPORT OF DR. R. CARTER CLEMENTS PURSUANT TO F.R.C.P. RULE 26(a)(2)** |
| Defendants. | |

I, R. CARTER CLEMENTS, M.D. declare as follows:

I am a physician and I specialize in Emergency Medicine and hold specialty board certification. I was initially certified by the American Board of Emergency Medicine in 1988 and have been continuously certified since then.

I was an intern, resident, and then chief resident at Alameda Health System, Highland Campus from 1983 until 1987. After graduation, I became an attending physician in the Highland Emergency Department where I worked until 2014. This was an academic position where, in addition to clinical patient care, I trained medical students, interns, and resident physicians in the science and clinical bedside practice of Emergency Medicine.

Alameda Health System, Highland Campus is the Alameda County acute care hospital

1

**INITIAL EXPERT REPORT OF DR. R. CARTER CLEMENTS PURSUANT TO F.R.C.P. RULE 26(a)(2)**

facility located in Oakland, California and is more commonly known as Highland Hospital. Highland is the primary trauma center in Oakland and sees approximately 70,000 annual patient visits through the emergency department.

As my CV reflects, I was and am the medical director of two ambulance companies and a paramedic-training program. In that regard, I have substantial experience in training EMT's and paramedics.

I treated many patients with medical issues similar to those I anticipate will be discussed as it relates to Mr. Greer's untimely death. This includes experience in all types of trauma, obesity, breathing difficulties, respiratory arrest, cardiopulmonary arrest, substance abuse, including PCP intoxication, traumatic asphyxia and Taser injuries.

I have myself been called upon to deal with violent patients including those in custody of law enforcement and have worked with law enforcement to manage such patients.

A copy of my Curriculum Vitae is attached at Exhibit 1.

I have not testified either in deposition or in court in the last 4 years.

I have reviewed the following records with respect to this matter.

1. The videos of the incident;

2. Paramedic Records;

3. Hayward Fire Department Records;

4. The Police report;

5. Record from St. Rose Hospital;

6. The autopsy report;

7. Deposition of Thomas Rogers M.D.;

8. Statement of Lt. Brian Lutzinger;

2

**INITIAL EXPERT REPORT OF DR. R. CARTER CLEMENTS PURSUANT TO F.R.C.P. RULE 26(a)(2)**

9. Statement of Officer Jeff Lewandowski;

10. Deposition of Officer Norman McAdams;

11. Deposition of Max Frias;

12. Deposition of Todd Hendricks;

13. Deposition of B.L. Posey;

14. Deposition of Jon Tougas;

15. Deposition of Eric Krimm;

16. Deposition of Eric Brassfield; and

17. American Heart Association 2010 Guidelines for CPR and ECC

I anticipate that I will use the video of the incident as an exhibit to my testimony.

I understand additional information may be made available to me and reserve the right to change or amend my opinions based on such new information.

Based on the information I have reviewed, I have the following opinions. Each opinion is based upon a reasonable medical probability or to a reasonable medical certainty.

1. Mr. Greer's conduct was inconsistent with the level of PCP found in his system at autopsy. In my experience, a patient with that level of PCP intoxication is far more impaired than Mr. Greer demonstrated in the video. Dr. Olson is better qualified than I to speak to that issue, but in general, Mr. Greer did not appear to be as impaired as one would expect with that level of PCP.

2. The cause of Mr. Greer's death was asphyxia. This is defined in lay terms as an individual's inability to acquire sufficient oxygen and eliminate excess carbon dioxide through breathing for an extended period of time resulting in death. Mr. Greer was a very large and obese man whose breathing capacity was already compromised by his body

3

habitus. In addition, he had pre-existing cardiac disease in the form of a cardiomyopathy that would have decreased his physiologic functional reserve.

3. During this incident, he was placed in the prone position (on his stomach) on flat hard ground. Then, multiple officers put weight on his back, compressing his chest cavity and abdominal cavity and diminishing his ability to breath until, finally, he was unable to do so. All these factors combined to increase Mr. Greer's work of breathing to a level he could not sustain. I believe this was the proximate cause of his death.

4. A major factor in Mr. Greer's death was the prolonged time he spent in the position described above. Had he not been kept in that position until he became unconscious and stopped breathing, he likely would have been able resume normal breathing without CPR.

5. In the moments before Mr. Greer is rolled over from the prone position to his back (I understand he was handcuffed at that time), there is a change in his breathing. Mr. Greer was initially breathing rapidly (tachypnea) and then begins to breath slowly (bradypnea) in the moments before he is rolled over. That change in breathing is a warning sign of an impending cardio-respiratory arrest and is particularly worrisome in a man of Mr. Greer's size after physical exertion. In my opinion, Mr. Greer needed immediate medical attention at all times after his breathing slowed but absolutely when he lost consciousness.

6. When he is rolled over, he was unconscious and may not have been breathing.

7. In my opinion, had Mr. Greer been provided immediate medical attention including CPR, he would have been able to resume breathing spontaneously and would have survived this event.

8. The video reveals efforts by Mr. Greer to move from the prone position he was being held in. In my opinion, these efforts were at least in part due to his effort to breath because, in that position, Mr. Greer was unable to get air in and out of his lungs.

4

INITIAL EXPERT REPORT OF DR. R. CARTER CLEMENTS PURSUANT TO F.R.C.P. RULE 26(a)(2)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 14, 2016

_____
R. Carter Clements, M.D.

5
**INITIAL EXPERT REPORT OF DR. R. CARTER CLEMENTS PURSUANT TO F.R.C.P. RULE 26(a)(2)**