GILBERT, KELLY, CROWLEY & JENNETT LLP
OWEN T. ROONEY / Bar No. 127830
orooney@gilbertkelly.com
44 Montgomery Street, Suite 2080
San Francisco, California 94104-6702
(415) 627-9000; FAX: (213) 615-7100

**Mailing Address:**
550 South Hope Street, 22nd Floor
Los Angeles, California 90071-2627

DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
PHILIP J. DOWNS, JR., State Bar No. 302939
pdowns@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:   (415) 697-2000
Facsimile:    (415) 813-2045

Attorneys for Defendant
JON TOUGAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JAMES GREER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF HAYWARD, BAY AREA RAPID TRANSIT DISTRICT; and DOES 1-50,<br><br>　　　　Defendants. | Case No.: 3:15-cv-02307-WHO<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**<br><br>Hon. Judge William H. Orrick<br><br>Date:　March 13, 2017<br>Time:　8:30 a.m.<br><br>Trial:　April 10, 2017 |

## I.　INTRODUCTION

Defendant SERGEANT JON TOUGAS ("Defendant") files this opposition to Plaintiff JOSEPH JAMES GREER's ("Plaintiff") motions *in limine* ("MIL").

## II. LEGAL ARGUMENT

### A. Plaintiff's MIL No. 1

Plaintiff's MIL No. 1 seeks to bar Defendant from calling any expert besides Jared Zwickey. *NetAirus Technologies, LLC v. Apple, Inc.* 2013 WL 9570686 (2013) stands for the proposition that whether an opposing party can call, in their case in chief, the other party's testifying experts is left to the sound discretion of the court: there is no "... *per se* rule forbidding a party from calling an adversary's expert during his case-in-chief." *NetAirus Technologies, LLC v. Apple, Inc., supra*, at *2 (citations and internal quotes omitted). "[C]ourts have repeatedly observed that once a party has given testimony through deposition or expert reports, those opinions do not 'belong' to one party or another, but rather are available for all parties to use at trial." *Id.* at *3 (citations omitted) (internal quotes in the original) (see also: *Kerns v. Pro-Foam of South Alabama, Inc.*, 572 F.Supp.2d 1303, 1309 – 10 (S.D.Ala.2007).

Plaintiff cites to no authority to support his request, and provides no reason why he is entitled to such a ruling. Defendant requests the Court reject Plaintiff's MIL No. 1.

### B. Plaintiff's MIL No. 2

As to sub (a) of Plaintiff's Motion in Limine No. 2, Defendant does not object to a limiting instruction provided that Defendant be allowed to introduce such evidence as it is probative of Plaintiff's claimed psychiatric damages, which include, *inter alia*, a claim of post-traumatic stress disorder and other traumatic grief-related conditions. Whether Plaintiff disclosed the subject event to his retained psychiatric expert Dr. Tara Collins – in preparing his case for damages related to post-traumatic stress – also bears on Plaintiff's credibility.

As to sub (b) of Plaintiff's Motion in Limine 2, Defendant does not object to a limiting instruction provided that Defendant be allowed to present the complete version of the subject evidence as Defendant anticipates that Plaintiff will introduce it through testimony that the Decedent's prior gun-shot wound injury – which Decedent disclosed to Hayward officers as seen in the incident video – made Decedent more susceptible to injury. Evidence of the shooting event also bears on Plaintiff's personal claim for psychiatric / grief-related damages. Namely, Plaintiff was present for the shooting incident, drove his father to the hospital, and did not disclose the

subject event to Dr. Collins / did not report to anyone that he experienced any psychiatric trauma. The shooting incident is probative to damages and credibility.

As to sub (c) of Motion in Limine 2, Defendant objects in so far as the perception of the officer at the scene is his own, and informs the totality of the circumstances known to that officer. This is not an instance where officers are bringing up the gang affiliation issue after the fact.

Defendant requests the Court deny Plaintiff's MIL No. 2, or alternatively, allow Defendant to present evidence, cross examine, and elicit testimony concerning these items where they have probative force on issues of damages and credibility.

### C. Plaintiff's MIL No. 3

Defendant does not object to No. 3 to the extent that Defendant be allowed to introduce evidence of Plaintiff's DUI arrest during examination of Plaintiff's retained psychiatric expert, Dr. Tara Collins, to whom Plaintiff disclosed the DUI incident. The issue has bearing on the severity of Plaintiff's claimed psychiatric damages.

Respectfully submitted,

Dated: March 6, 2017

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: /s/ Philip J. Downs, Jr.
PHILIP J. DOWNS, JR.
Attorneys for Defendant
JON TOUGAS

GILBERT, KELLY, CROWLEY & JENNETT, LLP

By: /s/ Owen T. Rooney
OWEN T. ROONEY
Attorneys for Defendant
JON TOUGAS