DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
PHILIP J. DOWNS, JR., State Bar No. 302939
pdowns@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:    (415) 697-2000
Facsimile:    (415) 813-2045

Attorneys for Defendant
JON TOUGAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JAMES GREER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF HAYWARD, BAY AREA RAPID TRANSIT DISTRICT; and DOES 1-50,<br><br>    Defendants. | Case No.: 3:15-cv-02307-WHO<br><br>**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OR LIMIT CERTAIN OPINION TESTIMONY BY BRYAN REUTER**<br><br>Hon. William H. Orrick<br><br>Trial: April 10, 2017 |

## I. INTRODUCTION

Defendant JON TOUGAS ("Defendant") moves *in limine* to exclude and/or limit the use of Doc. No. 61-10, disclosed at Mr. Reuter's deposition as opinions he intends to testify to at trial.

## II. FACT BACKGROUND

### A. Reuter Rule 26 Disclosure

On October 17, 2016 Plaintiff served its Rule 26(a)(2) expert disclosure, which disclosed Mr. Reuter to offer testimony "as to analyses of the police body camera videos of the incident … including the synchronization of multiple body camera videos, transcribing the audio of such videos, and an analysis of the decedent's coloration in the videos." (*Plaintiff's Rule 26 Disclosure,* attached as Ex. "A" to *Declaration of Philip Downs*, at pp. 5 ¶VIII). Plaintiff refers to Mr. Reuter's report as containing "further details" of his opinions. *Ibid.*

Mr. Reuter's *Report*, dated September 25, 2016, is an analysis "to determine whether any photographic depictions of the subject's lips could be identified and collected." (*Reuter Report*, attached as Ex. "B" to *Downs Decl.*) That is, it discloses Mr. Reuter's "opinion as to whether or not the video contained photographic evidence of changes to the subject's lips throughout the recording." *Ibid.* Mr. Reuter concludes "that recording was sufficient to collect data in three separate instances" represented by "still frame images from the digital video recording." *Ibid.* That is the entire scope and extent of the September 25th *Report*.

### B. Disclosure Deadlines; City of Hayward Settlement; MSJ

Expert disclosures were due September 30, 2016. [Doc. No. 49]. Rebuttal disclosure deadline was October 19, 2016. Expert discovery deadline was November 4, 2016. *Id.* Plaintiff settled his entire claim against the City of Hayward defendants through mediation on October 26, 2016. [Doc. No. 81]. Defendant Tougas and Defendant BART filed their motion for summary judgment on November 29, 2016 [Doc. No. 59]. Plaintiff filed his opposition papers and supporting declaration on December 14, 2016, which included Ex. "8" to Mr. Cajina's declaration (Doc. No. 61-10). This Reuter-authored exhibit -- titled "Supplement" and dated December 9, 2016 -- states, in relevant part, "[t]his report details the supplemental analysis of [the Jon Tougas camera recording] and my findings in rebuttal to the Video Event Timeline (Exhibit "D") within the Declaration of Michael G. Schott." *Id.*[1] As of the date of this filing, Plaintiff has not served any supplemental or rebuttal disclosure pursuant to Rule 26. (*Downs Decl.* at ¶2).

### C. Reuter Deposition

Defendant deposed Mr. Reuter on March 16, 2017 and again on March 22, 2017 (*Decl. Philip Downs*, ¶ 1). At his deposition, Mr. Reuter brought a copy of the "Supplement" [Doc. No. 61-10]. Counsel for Defendant, Mr. Downs, examined Mr. Reuter about the December 9th

---

[1] Following the parties' November 8, 2016 case management conference, the parties met and conferred to stipulate that "expert reports would be admissible in connection with the motion for summary judgement." *Declaration of Owen Rooney,* Doc. No. 59-1 at pp. 2:20-23. Then-counsel Mr. Rooney could not have contemplated Reuter's December 9th "Supplement" during the November 8th meet and confer agreement; and, as indicated by the instant motion, Defendant objects to the December 9 "Supplement" being offered or testified to at trial.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

"Supplement" on March 22, 2017. (*Reuter Deposition, Cont'd.,* attached as Ex. "C" to *Downs Decl.*). Mr. Reuter testified that the case materials he relied on to draft the December 9th "Supplement" were the same materials he relied on for his September 25th *Report*. *Id.* at 85:24 – 86:10. With regards to his initial September 25 *Report*, Mr. Reuter testified:

> Q. And for purposes of this report that you published September 25, 2016, you published the report that answers the question, which is, is there a change in Mr. Greer's lips?
>
> A. Correct.
>
> Q. There isn't anything else you were asked to do for the September 25 report?
>
> A. Not for this -- yeah, not for this portion. Not for this report.

(*Reuter Dep. Cont'd.,* at 16:3-11)

With regards to the December 9th "Supplement", Mr. Reuter testified that:

> Q. Okay. As I understand it, the supplemental report as you described it to me a moment ago is that you were asked to provide granularity as to sergeant Tougas' actions as depicted in the video timeline?
>
> A. That's correct.
>
> Q. And that was not something you were asked to do as part of your September 25th report?
>
> A. That's correct.
>
> Q. That was something that was asked of you sometime later that you published in your December 9th report, correct?
>
> A. That's correct, yes.

(*Reuter Dep., Cont'd.*, at 85:2-13)

During questioning, counsel for Plaintiff, Mr. Cajina, stated that Plaintiff would withdraw any rebuttal testimony as to Mr. Schott. (*Id.* at 82:5-10). Mr. Downs then asked Mr. Reuter to identify what in Doc. No. 61-10 was rebuttal:

> Q. What portions of your supplement are rebuttal?
>
> A. One moment. Let me grab my supplement here. The events depicted, indicated on page 3, the time indicators under the heading analysis and rebuttal video in the timeline.

163386.1

1  Q. So page 3 is rebuttal?

2  A. Correct.

3  Counsel for Plaintiff, Mr. Haley, made the record that "[i]n terms of what rebuttal is, that's really for us to decide what rebuttal is. All we're saying is one of the things he did was to rebut Schott. Schott is no longer testifying so there won't be any rebuttal of Schott. His own views on what happened we expect him to testify to." *Id.* at 93:4-9. Mr. Haley offered to make Mr. Reuter further available for continued deposition.

## III. LEGAL ARGUMENT

Plaintiff failed to satisfy Rule 26(a)(2)(B), and 26(e)(1), (2). Defendants are entitled to relief precluding Plaintiff from using the December 9th "Supplement". Alternatively, Defendant seeks leave of Court to call Mr. Schott as rebuttal to Mr. Reuter's opinions.

### A. The December 9th "Supplement" Is Not a Supplement, It Is a New Opinion

FRCP Rule 26(a)(2)(B) requires that an expert witness disclosure contain "a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions…" (Fed. R. Civ. Proc. Rule 26(a)(2)(B)(i)-(iii); see also, *Keener v. U.S.* (D. Mont. 1998) 181 F.R.D. 639, 640. In addition, Rule 26(e)(1) provides that, "a party that has made its expert disclosures under Rule 26(a) must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the addition or corrective information has not otherwise been made known to the other parties during the discovery process" *Holzhauer v. Golden Gate Bridge Highway & Transportation District*, 2015 WL 12976923, *1 (N.D. Cal. 2015); with citation to *Medtronic Vascular, Inc. v. Abbott Cardiocvascular Systems, Inc.*, 2008 WL 4601038 at *1 (N.D. Cal. 2008), (internal quotes omitted).

#### 1. *Plaintiff's Expert Disclosure Does Not Satisfy Rule 26(a)*

Because Plaintiff's Rule 26 expert disclosure did not disclose the opinions or exhibits of the December 9th "Supplement", Plaintiff failed to comply with Rule 26(a)(2)(B). *Keener*, *supra*, is instructive. In *Keener*, defendants' initial disclosure statement contained the report of their

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

163386.1

expert, Dr. Lyden, disclosed May 7, 1998, which contained a single opinion. *Id.* at 639 – 40. Lyden made a second disclosure on July 26, 1998 offering additional, "extensive" opinions that were not disclosed in the first disclosure. *Id.* at 640 – 641. The *Keener* plaintiff moved to bar defendants from using the second Lyman report as improper under Rule 26. The court agreed and precluded defendants from using the second Lyden report, "[t]he opinions contained in the letter dated July 26, 1998 are different from, rather than supplemental to, the information contained in the May 7, 1998 disclosure." *Id.* at 640.

Mr. Reuter's September 25 *Report* did not contain a complete statement of all opinions he would express and the basis for them; i.e., Reuter testified that he was not asked to provide the opinions found in the December 9th "Supplement" – the "granularity" regarding Defendant Tougas' actions – as part of his September 25th *Report*. Plaintiff disclosed Mr. Reuter to analyze the video footage to determine whether there are any changes to the color of Mr. Greer's lips. Mr. Reuter found measurable data of color change to Mr. Greer's lips.[2] *Id.* at 641. The difference in the purported "Supplement", however, is "dramatic" and "provides opinions that go to the heart of this case." *Ibid.* Plaintiff cannot use the December 9th "Supplement" as evidence at trial because Plaintiff failed to satisfy Rule 26(a)(2)(B). Mr. Reuter may only testify as to his September 25 *Report*.

2.    *The December 9th "Supplement" Does Not Comply with 26(e)*

"Case law interpreting the rule reflects that a supplemental disclosure must be exactly that—i.e., a supplement, and a party may not rely on Rule 26(e)(1) as a way to remedy a deficient expert report or as a means of getting in, in effect, a brand new report." *Holzhauer*, *supra*, at *2, (internal quotes and citations omitted). Put differently, "Rule 26(e) does not give license to sandbag one's opponent with claims and issues that should have been included in the expert witness' original report." *Beller ex rel. Beller v. United States* (D NM 2003) 221 FRD 696, 701-702. Supplementation, therefore has narrow application, "[s]upplementation under the Rules

---

[2] Mr. Reuter testified that light behaves in such a manner that a recording of a white surface under the same lighting conditions over a period of time will upon analysis reveal measurable variations in color data change. (*Reuter Dep., Cont'd* at 28:1-30:13)

means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener*, *supra*, at 640.

The December 9th "Supplement" is not a supplement under Rule 26(e)(1) in that (1) it does not relate to, let alone correct any inaccuracies or fill any interstices in the September 25th *Report* based on some newly obtained information, (2) indeed, the December 9th document is based on the same information Mr. Reuter had at the time of his September 25 *Report,* and (3) this was never disclosed as a Rule 26(e) supplement, instead Plaintiff's counsel attached it to his declaration for purposes of opposing Defendant's motion for summary judgment. In *Keener*, the court read the second Lyden report as setting forth "information, reasoning, and opinions" that Rule 26 required to be disclosed in that "critical initial disclosure". *Id.* at 640. Though the defendants there argued that Lyden's second report was a "supplement" to his initial report because it "merely expands the opinions which Dr. Lyden will offer," the court rejected that reasoning as a "disingenuous effort" to not "comply with the intent of [F.R.C.P.] Rule 26." *Id.* at 640.

### B. <u>Evidentiary Sanction of Preclusion Is Warranted</u>

When a party, without substantial justification, fails to disclose information required by [F.R.C.P. Rule 26] that party shall not, unless such failure is harmless, be permitted to use as evidence at a trial any information no so disclosed; that is, by "forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed" F.R.C.P. Rule 37 gives "teeth" to the requirements in Rule 26. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R&R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2011).

*Wendt v. Host Intern., Inc.,* 125 F.3d 806, 814 (9th Cir.1997) extended the Ninth Circuit's sanction of dismissal test from *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir.1990) to determine whether to keep in place the trial court's preclusion order which barred certain expert testimony as a sanction against appellant for their Rule 26 violations. Those factors are (1) the public's interest in expeditious resolution of litigation; (2) a court's need to manage its docket; (3)

risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. While a district court need not make explicit findings regarding each of these factors, if it does not, the appellate court must review the record independently to determine whether the sanction was an abuse of discretion." *Wanderer, supra*, 910 F.2d at 656. However, in *United States v. North East Medical Services* (N.D. Cal. 2014) WL 7208627, the court declined to use the *Wanderer* analysis and instead adopted Judge Chen's balancing test set forth in *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F.Supp.2d 719, 733 (N.D.Cal.2011). The *S.F. Baykeeper* test has five factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for [its] failure to disclose the evidence.

Under either test the sanction of preclusion is warranted.

### 1. *Wanderer Factors*

The first and second *Wanderer* factors favor preclusion because the December 9th "Supplement" is an untimely new opinion; highlighted by the fact that Plaintiff had that underlying information all along. Third, the risk of prejudice is actual: is this document an exhibit in support of an MSJ opposition? Or, is it a late-disclosed rebuttal – as it declares itself to be – to a settling party's expert report? Or, is it a supplement? Defendant has suffered harm and is being deprived of his Due Process rights to adequately prepare his defense trial. The evidence goes to the merits of the case but Defendant Tougas is subject to cross-examination on his own prior statements and testimony, as well as the video evidence. A less drastic sanction would be to allow Defendant to call Mr. Schott as rebuttal to Mr. Reuter's opinions as a way of curing the prejudice. Defendants argue to preclude the evidence; as an alternative, Defendants ask to be allowed to cure the prejudice by calling Mr. Schott to rebut Mr. Reuter's opinions.

### 2. *S.F. Gatekeeper*

The analysis under *S.F. Gatekeeper* yields similar results. The surprise to Defendants is inherent. The December 9th "Supplement" was not revealed to exist until Plaintiff filed his opposition to Defendant's motion for summary judgment on December 14th, and after expert

rebuttal disclosure deadline had expired (the opening paragraph of the report itself claims it is "in rebuttal to" Ex. "D" of Mr. Schott's report). It was further never disclosed as a Rule 26 expert report (and has still not been). At this late stage Defendant is unable to cure the prejudice wrought. Allowing this evidence would disrupt trial, as Defendant must make a full record to preserve its appeal rights.

Plaintiff will argue the evidence is important. Defendant does not dispute that the event timeline of Mr. Schott, rebutted by Mr. Reuter, goes directly to the issues in dispute. But that alone does not warn against preclusion where the Plaintiff never disclosed Mr. Reuter to: (1) offer any event timeline showing Defendant Tougas; or (2) to offer any opinion as to the "granularity" of Defendant Tougas' conduct.

Moreover, the "supplement" is now suddenly withdrawn to the extent that it is rebuttal to a settling parties' expert. Yet the document was ostensibly submitted as a rebuttal (despite the fact Hayward had settled out two months beforehand). Assuming, *arguendo*, one could extricate the rebuttal parts from the supplement parts, none of the December 9th "Supplement" relates in any way to Mr. Reuter's September 25th *Report* – which solely examined the video for measurable color differences in Mr. Greer's lips – despite having the underlying information all along. This favors preclusion.

## IV.  CONCLUSION

For the foregoing reasons, Defendant requests the Court preclude the December 9th "Supplement" from evidence and order that Mr. Reuter be limited to his September 25th *Report*. Alternatively, Defendants request that the Court allow Defendants to call Mr. Schott to rebut Mr. Reuter's opinions.

Respectfully submitted,

Dated: March 24, 2017

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP


By: */s/ Philip J. Downs, Jr.*
PHILIP J. DOWNS, JR.
Attorneys for Defendant
JON TOUGAS

163386.1